## R. D. HULBERT v. THE STATE.

### No. 8112.   Decided April 2, 1924.

1.—Forgery—Evidence—Moral Turpitude—Defendant as a Witness.

Where defendant on cross-examination was asked if he had not been convicted in the County Court of the offense of swindling, which he denied, and he was then asked if he had not been convicted on two charges of swindling in certain cases in a certain court to which he replied, "Swindling who?" and the State's counsel then supplemented his original question by asking if he was not convicted for swindling a Mr. Holscher by giving him a certain check, and also named others, to which the defendant replied in the affirmative, there is no reversible error.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of forgery, the evidence was sufficient to sustain the conviction, there is no reversible error.

Appeal from the District Court of Bexar.   Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. L. Neal,* for appellant.   Cited: Thompson v. State, 150 S. W. Rep., 181; Choice v. State, 114 id., 132.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, JUDGE.—Appellant was convicted for the forgery of a check payable to his order for the sum of $37.75 drawn on the Lockwood National Bank of San Antonio and purporting to have been signed by Mrs. J. W. Hoit.   His punishment was assessed at confinement in the penitentiary for two years.

The facts reveal that Mrs. Hoit's husband had disappeared from San Antonio and she had requested the Burns Detective Agency to aid her in locating him.   A few days thereafter appellant met her at the St. Anthony hotel and represented that he was connected with the agency.   She gave him a check for $50 to defray expenses while trying to locate her husband.   Thereafter on various occasions he telegraphed or telephoned her for additional money, which requests were not complied with.   The check in question was cashed by the clerk at the St. Anthony hotel for appellant.   His contention about the matter was that Mrs. Hoit owed him the sum of $52.85 for expenses over and above the $50 she had paid him and that one Sam F. Filberstone had made application to appellant for a loan and upon

being told that Mrs. Hoit was indebted to appellant Filberstone undertook to make the collection for him and returned to appellant with the check in question; that appellant cashed it and let Filberstone have $15 in money. He did not undertake to account for the check being for only $37.75 when he claimed the indebtedness to be $52.85. Filbersotne was not a witness in the case and appellant undertook to account for his absence by claiming that Filberstone had given him a check on a Houston Bank for $11.50 which was returned unpaid and that appellant had not seen Filberstone since that transaction. Mrs. Hoit denied signing the check in question or authorizing any one to sign it for her and a bank cashier testified that in his opinion it was not her signature.

The court charged fully upon circumstantial evidence and there is no exception to the charge and no special instructions were requested.

It appears that upon cross-examination the State asked appellant if he had not been convicted in the County Court of Bexar County of the offense of swindling, which he denied. He was then asked if he had not been convicted on two charges of swindling in certain numbered cases in said court; in reply to the latter question appellant asked, "Swindling who?" and state's counsel then supplemented his original question by asking if he was not convicted for swindling Mr. Holscher by giving him a check for $8 and with swindling the Wolff & Marx Goods Company by giving them a check for $35; to this question appellant replied in the affirmative. Complaint is made because the transactions did not disclose a proper subject for impeachment, and as going into the details. Appellant was also asked if he stood indicted in the same court in which he was then upon trial for another charge of forgery which appellant denied, and asked "Forging what?" and counsel for the State explained by asking it was not a charge of forging the name of Sam F. Filberstone to a check; appellant then answered the question in the affirmative. We find no error revealed in these proceedings. The court properly limited the purpose for which such testimony was admitted. The swindling charges were misdemeanors involving moral turpitude, and the record does not reveal that the felony indictment was connected with or grew out of the same transaction upon which the present prosecution is based. It has long been recognized by this court that proof of indictments for felonies or convictions for misdemeanors involving moral turpitude are admissible for impeaching purposes if not too remote. Such details as were gone into appear to have been caused by appellant's denial and request for more specific information as to what was inquired about.

The only other contention made is that the evidence is not sufficient to show that appellant signed Mrs. Hoit's name to the alleged forged check. The jury evidently did not believe his evidence rela-

'tive to the matter and we can not say they were without authority to disregard it under the circumstances of this case.

The judgment is affirmed.

*Affirmed.*